UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

YELIAN SERRANO SUAREZ,

    Plaintiff,

vs.

THE BIRCHWOODS LLP,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, YELIAN SERRANO SUAREZ ("Plaintiff") brings this action against Defendant, THE BIRCHWOODS LLP ("Defendant") for overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 *et. seq*; unjust enrichment; and unpaid wages pursuant to Sec. 448.08.

2. During all material times, Plaintiff has been an individual above the age of eighteen, and resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

3. During all material times, Defendant conducted business within the State of Florida, and within Miami-Dade County, Florida.

4. The Defendant refused to pay Plaintiff earned overtime throughout his employment periods.

5. By failing to pay overtime wages to Plaintiff, Defendant has violated the FLSA.

## JURISDICTION

6. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

7. This Court has jurisdiction over Plaintiff's State claims pursuant to (28 U.S.C. § 1367.

8. The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operates as an organization which sells and/or markets its services and/or goods and/or materials to customers and also provides its services for goods sold and transported from across state lines, and otherwise regularly engages in interstate commerce.

9. The venue of this Court over this controversy is proper based on the claims arising in Broward County, Florida.

## PARTIES

10. At all times material hereto, Plaintiff was employed by the Defendant as an air-conditioning repairman, and performed non-exempt duties on behalf of the Defendant during the material time period.

11. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in excess of $500,000.00 per annum.

12. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13. At all times material hereto, Defendant managed, owned and operated a company for profit in Miami-Dade County, Florida and regularly exercised the authority to control the terms and conditions of Plaintiffs' employment.  For example, Defendant had the ability to hire and fire the Plaintiff, determine the work schedule of the Plaintiff, set the rate of pay of the Plaintiff, and

control the finances and operations of its business. By virtue of such control and authority, Defendant was an employer of Plaintiffs as such term is defined by 29 U.S.C. § 203(d).

14. All conditions precedent have been completed prior to the filing of this suit.

15. Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent him and has incurred attorneys' fees and costs in bringing this action.

16. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

17. Plaintiff re-alleges and incorporates herein by reference all allegations contained in Paragraphs 1 through 16 above.

18. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

19. Plaintiff is owed his overtime rate for each overtime hour he worked and was not properly paid.

20. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) hours per week.

21. Plaintiff is not exempt from the overtime provisions of the FLSA.

22. The failure of Defendant to compensate Plaintiff at his given rate of pay for all hours worked is in violation of the FLSA.

23. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

24. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of compensation for all overtime hours at one and one-half his regular rate of pay due him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

## COUNT II
## UNPAID WAGES - §448.08, FLA. STAT.

25. Plaintiff re-alleges and incorporate herein by reference all allegations contained in Paragraphs 1 through 16 above.

26. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

27. Plaintiff is owed his overtime rate for each overtime hour worked and were not properly paid.

28. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) hours per week.

29. The failure of Defendant to compensate Plaintiff at his given rate of pay for all hours worked is a violation of §448.08, Fla. Stat.

WHEREFORE, Plaintiff demands judgment for back pay, liquidated damages, interest, attorney's fees and costs, and for such other relief to which Plaintiffs may be justly entitled.

## COUNT III
## CLAIM FOR UNJUST ENRICHMENT

47. Plaintiff re-alleges and incorporate herein by reference all allegations contained in Paragraphs 1 through 16 above.

48. Plaintiff earned overtime wages over the course of his employment which remain unpaid by the Defendant.

49. Defendant has failed and refused to make payments to Plaintiff as required by law.

50. Plaintiff has retained the undersigned counsel and are obligated to pay a reasonable fee for services.

51. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs for Defendant's failure to properly pay wages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, liquidated damages, interest, attorney's fees and costs and for such other relief to which Plaintiff may be justly entitled.

### DEMAND FOR JURY TRIAL

52. Plaintiff demands trial by jury as to all issues so triable.

Dated: March 9, 2022

Respectfully submitted,

s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN: 88743
E-mail: jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
169 E. Flagler St., Suite 1600
Miami, Florida 33131
Phone: (786) 441-8909
Facsimile: (786) 523-0610
Counsel for Plaintiff